**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PROGRESS PROJECT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00402-MTS |
| | ) | |
| FAMILY DOLLAR STORES OF | ) | |
| MISSOURI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Court has identified an issue with its subject-matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction").  Defendant removed this action from the Circuit Court for the City of St. Louis, Missouri claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Doc. [1] ¶ 8; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction).

In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from the Defendant in such a way that Plaintiff is a not a citizen of the same states as Defendant.  *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).  Moreover, a removing Defendant must sufficiently allege the parties' diverse citizenship "both when the plaintiff initiate[d] the

action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). This requirement is not new. *See Phoenix Ins. Co. v. Pechner*, 95 U.S. 183, 186 (1877) (finding removal improper where defendant alleged plaintiff's citizenship as of the date of removal without "stating affirmatively that such was his citizenship when the suit was commenced"). Here, while Defendant's Notice alleges the parties' diverse citizenship at the time of removal, there are no allegations concerning the parties' citizenship *when Plaintiff filed its action in State court*, which is an indispensable component of the Court's subject matter jurisdiction in this case. *See Chavez-Lavagnino*, 714 F.3d at 1056.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than Friday, April 11, 2025. Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c).

Dated this 3rd day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -